DISSENTING OPINION BY
judge McCullough
Because I believe that Bruce A. Casteel and Joy R. Casteel (Appellants) have raised genuine issues of material fact relating to: the duties of Defendants Pennsylvania Department of Health (DOH), the Pennsylvania Advisory Council on Drug and Alcohol Abuse (Advisory Council), and the Pennsylvania Department of Corrections (DOC) under the Pennsylvania Drug and Alcohol Abuse Control Act (Act), Act of April 14,1972, P.L. 221, as amended, 71 *275 P.S. §§ 1690.101-1690.115; whether Somerset County Single County Authority (Somerset SCA) and Twin Lakes Center for Drug and Alcohol Rehabilitation (Twin Lakes) were agents of the Commonwealth; and the application of the medical-professional exception to sovereign immunity, I respectfully dissent.
Specifically, while I concur with the Majority insofar as it affirms the order of the Court of Common Pleas of Somerset County (trial court) granting summary judgment in favor of Defendant Commonwealth of Pennsylvania, I respectfully dissent insofar as the Majority affirms the trial court’s order granting summary judgment in favor of the remaining Defendants.
As the Majority aptly notes, the DOH, acting in accordance with section 4(a)(14) of the Act, 71 P.S. § 1690.104(a)(14), developed and adopted a State Plan[1] relating to the medical treatment to be provided to persons dependent upon alcohol or controlled substances at correctional institutions and other facilities. Indeed, the General Assembly has mandated DOH to develop a state plan for the provision of such treatment, which shall include emergency medical services, inpatient services, intermediate care, rehabilitation, and outpatient services. See Section 2301-A of the Act of April 9, 1929, P.L. 177, added by the Act of July 9, 2010, P.L. 348, 71 P.S. § 613.1(l)(xv), formerly 71 P.S. § 1690.104(a)(14). Section 6 of the Act, entitled “Drug or alcohol abuse services in correctional institutions, juvenile detention facilities and on probation and parole,” provides, in relevant part:
Medical detoxification and treatment shall be provided for persons physically dependent upon alcohol or controlled substances at correctional institutions and juvenile detention facilities or in available appropriate medical facilities.
71 P.S. § 1690.106(a).
Counties that wish to receive state and federal funding for treatment and prevention efforts are required by the State Plan to designate SCAs to be responsible for program planning and the administration of federal and state funded grants and contracts. (Reproduced Record (R.R.) at 160-69.) These SCAs then implement the State Plan via direct contracts with DOH. In order to obtain this funding, Somerset County designated Somerset SCA as the party responsible for program planning and the administration of state and federal grants and contracts. Somerset SCA, in turn, contracted with Twin Lakes to provide the required drug and alcohol treatment services.
The primary dispute between the parties at oral argument on the summary judgment motion was whether a genuine issue of material fact existed as to whether Somerset SCA and Twin Lakes were agents of the Commonwealth. (R.R. at 3, 9-11, 14-15, 18-19, 23-24.) In resolving this motion, the trial court determined that Twin Lakes and Somerset SCA were not Commonwealth agencies. However, in reaching this determination, the trial court overlooked the significance of the relationship between DOH and Somerset SCA. In this regard, the trial court acknowledged that it did not have any enabling legislation before it, but that it relied exclusively on Somerset SCA’s Plan, entitled “Drug and Alcohol Commission of Somerset County Plan for Services,” in which Somerset SCA declared itself a county agency. Nevertheless, Somerset SCA’s statement in its own *276 Plan that it is a local agency is not determinative of whether Somerset SCA constitutes a Commonwealth agency for the purpose of sovereign immunity. In fact, in determining an entity’s status, our court has recognized that an entity may be considered a Commonwealth agency for one purpose, but a local agency for another. See, e.g., City Council of City of Philadelphia v. Greene, 856 A.2d 217 (Pa. Cmwlth. 2004).
In Greene, a housing authority was authorized by its enabling legislation and other portions of the statute to exercise the “public powers of the Commonwealth,” and was permitted to act as an “agent of the State or any of its instrumentalities.” Id. at 220. The authority argued that because it was a Commonwealth agency for the purpose of sovereign immunity, it was also a Commonwealth agency for the purpose of jurisdiction. We noted, however, that an entity may be recognized as a local agency for the purpose of jurisdiction, but as a Commomoealth agency for the purpose of sovereign immunity. In making the determination of whether an agency is subject to sovereign immunity, which is meant to protect the Commonwealth purse, we must consider:
whether the particular enabling statute grants authority to exercise the public powers of the Commonwealth as agent thereof, as well as to the source of the agency’s creation, control, and funding.
Id. at 221-22 (emphasis added).
In contrast, a review of whether an agency was subject to our jurisdiction focused on the scope of operation and whether there was a statewide interest in a consistent resolution of legal issues impacting the agency in question. Concluding that there was no need for uniform statewide resolution of issues involving the power and duties of this local housing authority that operated exclusively within the city, we determined that the housing authority was a local agency for purposes of jurisdiction. Notably, we recognized that the analysis of whether an entity is a Commonwealth agency or local agency necessarily depends upon the agency or entity involved and the particular purpose at issue. See also Al-Athariyyah v. Wilkes-Barre Housing Authority, 2009 WL 9102291 (Pa. Cmwlth., No. 385 C.D. 2009, filed December 22, 2009), slip op. at 8 (noting that “an entity’s status can vary depending on the issue for which the determination is made.”).
Contrary to the above, in the present case, there clearly is a need for uniform statewide resolution of the issues involving the powers and duties of this agency, as such are derived directly from DOH, which has direct responsibility to ensure the services and funds are provided throughout the Commonwealth.
Moreover, here, the trial court found the following pertinent facts based upon the deposition testimony of Hector Gonzalez (Gonzalez) of DOH, Department of Drug and Alcohol Programs: DOH contracted with Somerset SCA to carry out the mandates of the Act, including the provision for drug and alcohol prevention and treatment rehabilitation services; the Commonwealth does not provide any of those services directly; the Commonwealth simply allocates funds for the delivery of drug and alcohol services; and, in Somerset County, all treatment services are provided by Twin Lakes, which contracted with Somerset SCA to do so. However, Gonzalez also testified that the State Plan provides a chapter setting out the options for the structure and organization of the SCA, that DOH was responsible for ensuring that drug and alcohol services, and allocation of funds for the same, were provided to the citizenry throughout the Commonwealth, and that DOC and the Department *277 of Public Welfare were responsible for ensuring that the requirements of the statute were implemented.[2] (R.R. at 266.)
Most importantly, according to Gonzalez, if a county does not create an SCA or contract with another entity to provide the drug and alcohol treatment services required by the Act, DOH would request proposals and directly obtain a provider to render services in that geographical area. Gonzalez further testified the specific requirements of the treatment services are set forth in the contracts between DOH and the SCAs. Beyond the general language of the Act and the chapter regarding the SCAs structure set forth in the State Plan, Gonzalez stated that it would be the direct contracts between the SCAs and the DOH that would lay out exactly what the SCAs had to do. (R.R. at 262-76.)
Moreover, the applicable State Plan “contains requirements that become legally binding through incoiporation into contracts between the DOH’s Office of Drug and Alcohol Programs (ODAP) and the Single County Authorities (SCAs).” (R.R. at 159) (emphasis added). Additionally, as part of its “Statement of Policy” for “Single County Authority,” the State Plan states:
This Chapter is intended to establish a statemde system of agencies which shall have the responsibility for assisting the Department in planning for comrmmity-based services. It is the position of the Department that no central authority can determine precisely what services are necessary in each of the 67 counties of this Commonwealth. Consequently, the emphasis in this State Plan is on the establishment of community-based drug and alcohol prevention, intervention and treatment services. The State Plan allows for the formation of SCAs to provide services and receive funding, and provides the exclusive options for their organizational structures.
Id. at 162 (emphasis added).
Further, Somerset SCA’s Plan includes the following “Organizational Chart,” showing the Commonwealth in the highest position, superior to the Somerset County Commissioners and the Somerset SCA Director thereunder:
*278 [[Image here]]
Id. at 173.
In sum, a review of the Act, State Plan, Somerset SCA’s Plan, and the testimony of Gonzalez show that a genuine issue of material fact exists as to whether the Somerset SCA and/or Twin Lakes were operating as agents of the Commonwealth. Further, absent review of the enabling legislation and the specific contract between DOH and Somerset SCA, a genuine issue of material fact exists as to the agency relationship between Somerset SCA and the Commonwealth and the amount of control that the Commonwealth exerts over Somerset SCA.
For these reasons, I would reverse the trial court’s order entering summary judgment in favor of Defendants DOH, Advisory Council, and DOC, and remand for further proceeding relating to these Defendants.

. The Pennsylvania State Plan for the Control, Prevention, Intervention, Treatment, Rehabilitation, Research, Education and Training Aspects of Drug and Alcohol Abuse and Dependence Problems—State Fiscal Year 1993/94. (R.R. at 158-69.)

. The Department of Public Welfare is now known as the Department of Human Services.